# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8114 | **DATE** | 12/22/2003 |
| **CASE TITLE** | Angevine vs. Water Save Faucet | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, plaintiff's objections to defendant's Petition for Costs are sustained in part and denied in part. Defendant's Petition for Costs is allowed in the following amounts: Deposition transcripts: $1,419.10; Photocopying costs: $29.40; Binding charges: $24.00, resulting in a total award of costs to defendant in the amount of $1,472.50 to be taxed by the Clerk of Court against the plaintiff. *Geraldine Soat Brown*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 12/23/03 | **43** |
| | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | docketing deputy initials | |
| GR | courtroom deputy's initials | 12/22/2003 date mailed notice | |
| | | GR mailing deputy initials | |

U.S. DISTRICT COURT CLERK
03 DEC 22 AM 2: 45

Date/time received in central Clerk's Office

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REBECCA ANGEVINE, | ) | |
| Plaintiff, | ) | Cause No. 02 C 8114 |
| | ) | |
| v. | ) | Judge Ronald Guzman |
| | ) | Magistrate Judge Geraldine Soat Brown |
| WATERSAVER FAUCET COMPANY, | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

Plaintiff, Rebecca Angevine ("Angevine"), filed a Title VII action against defendant, WaterSaver Faucet Company ("WaterSaver"), alleging sexual harassment, constructive discharge, and retaliation. [Dkt 1.] The District Judge granted WaterSaver's motion for summary judgment. [Dkt 32.] WaterSaver filed a Petition for Costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1 requesting the sum of $2,145.56. [Dkt 34.] Angevine objects to WaterSaver's petition for costs on numerous grounds. [Dkt 35.] The District Judge referred the matter to this court for resolution. [Dkt 37.] For the reasons set forth below, Angevine's objections are granted in part and denied in part, and WaterSaver's Bill of Costs is reduced to $1,472.50.

### DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Courts have consistently interpreted Rule 54(d)(1) as providing a strong presumption that the prevailing party will recover costs. *See, e.g., Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d



43

926, 945 (7th Cir.1997); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir.1995); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir.1991). When summary judgment is granted in a party's favor, that party is the "prevailing party" for purposes of awarding costs. *Weeks*, 126 F.3d at 944.

The costs that may be recovered pursuant to Rule 54(d)(1) are set out in 28 U.S.C. § 1920. The costs allowed are: (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. A court may only impose costs upon the losing party if the expenses claimed are: (1) allowable cost items under § 1920; and (2) reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir.1995); *see also Movitz v. First Natl. Bank of Chicago*, 982 F. Supp. 571, 574 (N.D. Ill. 1997). Courts are vested with broad discretion to determine whether and to what extent to award costs to a prevailing party. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993) (citing *SK Hand Tool Corp. v. Dresser Ind., Inc.*, 852 F.2d 936, 943 (7th Cir. 1988)). A court must review a proposed petition for costs "in scrupulous detail." *Young v. City of Chicago*, No. 00 C 4428, 2002 WL 31118328 at *1 (N.D. Ill. Sept. 24, 2002) (Leinenweber, J.); *see also First City Securities v. Shaltiel*, No. 92 C 2620, 1993 WL 408370 at *1 (N.D. Ill. Oct. 8, 1993) (Conlon, J.).

It is important to recognize that the costs taxed pursuant to § 1920 are those identified in that statute, although the court has some discretion in applying the statutory standard to specific situations. *See Finchum*, 57 F.3d at 534 (citing *SK Hand Tools Corp.*, 852 F.2d at 944 n.10) (stating that the court has discretion to tax costs "incidental" to the taking of a deposition). Some out-of-

pocket expenses incurred by a party that do not qualify as taxable costs under § 1920 can be awarded to a prevailing party as a legitimate aspect of "attorneys' fees" under a fee-shifting statute or contract clause. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 765 (N.D. Ill. 1996) (collecting cases). However, WaterSaver has not been awarded its attorneys' fees, and, therefore, the costs it may recover must by authorized by § 1920.

In its petition, WaterSaver seeks costs spent for deposition transcripts, photocopying, facsimile transmissions, binding, Westlaw research, Pacer searches, express mail, local travel, and long distance telephone usage. (Def.'s Pet., Ex. B.) Each item is addressed in turn.

### A. Deposition Transcript Fees

WaterSaver seeks $1,511.10 for the cost of "Deposition Transcripts." (Def.'s Pet., Ex. B.) As Angevine points out in her objections, WaterSaver failed to provide any supporting documentation in its petition for costs regarding those deposition transcripts. (Pl.'s Objs. ¶ 2.) In response to Angevine's objections, WaterSaver explains that the requested fees pertain to its use of six deposition transcripts in the case, and provides details regarding the copy rates and other fees charged for the deposition transcripts, the purpose for which the deposition transcripts were used, and the number of pages in the deposition transcripts. (Def.'s Reply at 1-3.)[1] In addition, WaterSaver attaches invoices reflecting the costs charged for each deposition transcript. (Def.'s Reply, Exs. 1-6.)

---

[1]    Although technically a *response* to Angevine's objections, WaterSaver captioned its paper as a "Reply" [dkt 44], and Angevine in turn captioned her reply to WaterSaver's response as a "Sur-Reply" (after her motion to file a sur-reply was granted). [Dkt 39, 40, 42.] For the sake of clarity, those papers will be referred to as "reply" and "sur-reply" and cited by their captions, *i.e.*, "Def.'s Reply" and "Pl.'s Sur-Reply."

## 1.	The Charges Sought and Contested.

The first invoice reflects charges pertaining to Angevine's deposition, including a charge for "an original and one copy" of the deposition ($446.40), a court reporter's appearance fee ($123.75), charges for word index pages ($5.00), diskettes ($5.00), a min-u-script (a reduced size copy of the deposition transcript) ($10.00), a shipping fee ($10.00), and an administrative fee ($40.00).[2] (Def's, Ex. 1.) WaterSaver asserts that the costs associated with that deposition transcript were incurred in order for WaterSaver to prepare its motion for summary judgment. (Def.'s Reply at 2.) The transcript of Angevine's deposition was included in the appendix submitted by WaterSaver in support of its motion for summary judgment. [Dkt 20.]

The five remaining invoices reflect charges pertaining to the depositions of five other individuals, at a total cost of $863.60 (Def.'s Reply, Exs. 2-6.) WaterSaver asserts that these charges were also incurred to assist in the preparation of its motion for summary judgment and its response to Angevine's motion to strike. (Def.'s Reply at 2-3.) Each of the five invoices reflect charges for the preparation of an expedited copy (at $2.70 per page) and delivery service (at $6.00 or $8.00 per transcript). (Def.'s Reply at 2-3; Def.'s Exs. 2-6). WaterSaver claims that expedited copies of the transcripts were necessary because it only had a "short time" to reply to Angevine's response to its summary judgment motion and to respond to Angevine's motion to strike, and it was unable to order copies until after Angevine had ordered the original versions of the transcript. (Def.'s Reply at 2 n.1.)

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). However, the "transcripts need not be absolutely indispensable in order to

---

[2] The invoice also includes a $7.35 charge for "Exhibit(s) + tabs." (Def.'s Reply, Ex. 1.) However, Angevine does not contest that charge.

provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Barber*, 7 F.3d at 645 (citation omitted).

Angevine does not dispute the necessity of any of the six deposition transcripts, the court reporter attendance fee associated with Angevine's deposition, or the expedited processing fees associated with the five remaining deposition transcripts. Angevine does dispute, however, the reasonableness of the $3.10 per page rate charged for the original transcript of her deposition. (Pl.'s Sur-Reply at 1.) She also claims that WaterSaver should not be reimbursed for the cost of copying that transcript because any such copy would have been made simply for WaterSaver's own use. (*Id.*) In addition, Angevine argues that the charges for the word index pages, diskettes, and min-u-script should not be allowed because those items were likewise ordered for the convenience of WaterSaver's counsel. (Pl.'s Sur-Reply at 1-2.) And, finally, Angevine argues that the delivery and administrative fees associated with her deposition transcript should not be allowed because those fees constitute ordinary business expenses, which are not recoverable. (Pl.'s Sur-Reply at 2.) With respect to the five remaining transcripts, Angevine objects to the delivery charges associated with each transcript on the same basis mentioned above, namely, that those charges constitute ordinary business expenses. (Pl.'s Sur-Reply at 2-3.)

2.   *Costs Relating to Angevine's Deposition Transcript*

Local Rule 54.1(b) mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." Pursuant to 28 U.S.C. § 753(f), "the Judicial Conference authorized district courts

to prescribe the fees which court reporters may charge and collect for transcripts requested by the parties..." Report of the Proceedings of the Judicial Conference of the United States, March 1980, at 17-18. *See also* VI Judicial Conference of the United States, Guide to Judiciary Policies & Procedures, Court Reporters' Manual, Ch. 20, Pt. 20.3 (1998) ("Court Reporters' Manual").[3] On February 28, 2003, the Chief Judge of the District Court for the Northern District of Illinois established the following rates for this district: $3.30 per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for a copy of a transcript to each party, and $0.55 per page for each additional copy to the same party. *See* General Order, United States District Court, Northern District of Illinois <http://10.205.15.104/CLERKS_OFFICE/CrtReporter/tfee0203.pdf> (Feb. 28, 2003) ("General Order").

    a.  *Cost of the Transcript.*

  Turning first to the transcript of Angevine's deposition, the invoice shows that WaterSaver paid no more than $3.10 per page, which is below the rate set forth by the Judicial Conference of $3.30 per page for original transcripts.[4] Thus, Angevine's objection on that point is denied, as is her

---

[3]   The fee charged by the court reporter's attendance at Angevine's deposition ($27.50 per hour) is reasonable. *See Rodriguez v. City of Aurora Police Officer J. Ithal*, No. 02 C 7588, 2003 WL 22284202 at *2 (N.D. Ill. Oct. 2, 2003) (Conlon, J.) (finding that $40 per hour is a reasonable rate for court reporters). The expedited copy charge of $2.70 per page is within the $4.40 per page limitations established by the Northern District of Illinois. *See* General Order.

[4]   The transcript of Angevine's deposition is 144 pages. (Def.'s Reply at 1-2.) Although WaterSaver represents that it was charged $1.50 per page for this transcript, the court cannot determine how WaterSaver reached this figure. (*Id.*) By the court's calculation, WaterSaver was most likely charged either $1.55 per page for the original and $1.55 per page for the copy, or $3.10 per page for the original and nothing for the copy. A handwritten notation on the invoice indicates that a $3.10 per page rate was charged for preparation of the original (Def.'s Reply, Ex. 1), as Angevine acknowledges. (Pl.'s Sur-Reply at 1.) However, while WaterSaver was apparently not charged for a copy of the transcript, it was admittedly provided a copy of the transcript (Def.'s Reply at 1-2), and the attached invoice states "O

objection to any charge for a copy of her deposition, since it appears that there was no separate charge.

### b. Costs for the Word Index Pages and Diskettes

Angevine's objections to the $5.00 charge claimed for word index pages and the $5.00 charge claimed for diskettes are sustained. Those charges were incurred for WaterSaver's attorneys' convenience. *See Hall v. City of Chicago*, No. 98 C 4682, 2003 WL 21518536 at *2 (N.D. Ill. Jul. 2, 2003) (Darrah, J.) ("The costs of . . . disks of deposition transcripts are not a charge that a defendant is entitled to recover; such . . . disks are for the attorney's convenience."); *Great Lakes Dredge & Dock Co. v. Commercial Union Assurance Co.*, No. 94 C 2579, 2000 WL 1898533 at *7-9 (N.D. Ill. Sept. 18, 2000) (Gottschall, J.) (deducting from bill of costs charges for diskettes and word index copies of deposition transcripts); *Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92 C 0356, 1995 WL 769782 at *4 (N.D. Ill. Dec. 29, 1995) (Castillo, J.) (deducting from bill of costs diskettes, compressed transcripts, and word indices as those costs were "unnecessary and incurred for the convenience of attorneys").

### c. Cost for the Min-u-script

Angevine also disputes the $10.00 charge claimed for the min-u-script of her deposition. There is some authority to support Angevine's objection. *See, e.g., Smith v. Teamsters Local 705*, No. 96 C 1370, 1998 WL 887086 at *4 (N.D. Ill. Dec. 11, 1998) (Andersen, J.) (denying claim for min-u-script costs and stating "[t]he majority of district courts in this circuit have concluded that costs for min-u-scripts and transcript diskettes are not recoverable because they are created merely

---

+1," indicating that one copy (as well as the original) was provided. (Def.'s Reply, Ex. 1.)

for the convenience of the attorney") (citations omitted).

On the other hand, some courts have permitted min-u-script charges to be recovered. *See, e.g., Alsaras v. Dominick's Finer Foods, Inc.,* No. 99 C 4226, 2001 WL 1117275 at \*2 (N.D. Ill. Sept. 19, 2001)(Conlon, J.) (allowing $25 condensed transcript cost); *Amati v. City of Woodstock,* Nos. 94 C 50235, 92 C 20347, 1998 WL 299362 at \*2 (N.D. Ill. May 27, 1998) (Reinhard, J.) (allowing $40 condensed transcript cost).

Local Rule 54.1 provides that taxable costs for transcripts are "the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." In the present case, WaterSaver submitted the min-u-script version of Angevine's deposition to the court in support of its motion for summary judgment. By doing so, the 144 page deposition was compressed to 37 pages, thus reducing both the bulk of paper submitted to the court and the copying costs that Angevine would have been required to pay, as discussed further below.[5] Furthermore, as noted above, there was no additional charge for the copy of Angevine's deposition transcript provided with the original and, under Local Rule 54.1, Angevine may be taxed for one copy (if needed by counsel) at $.83 per page. For the 144 page transcript, that cost would be $119.52. Thus, the $10.00 charge for the min-u-script is a reasonable charge, whether it is considered as the charge for the court's copy or WaterSaver's copy, or as a charge "incidental to the taking of the deposition." *See Alsaras,* 2001 WL 1117275 at \*2 (citing *Finchum* 57 F.3d at 534). Angevine's objection is overruled.

---

[5]Angevine could have been taxed $.10 per page for her 144 page deposition transcript for a total of $43.20 for the two copies submitted (one to the court and one to Angevine's counsel). By submitting the min-u-script version, the copy charge for Angevine's deposition was reduced to $11.10 (37 pages x $.10 x 3).

### d.    Cost of Delivery and Administrative Fees

Angevine objects to the charge of $10.00 for the delivery of the transcript of Angevine's deposition. Generally, such a charge is not recoverable because it is an ordinary business expense. *See Glenayre Electronics, Inc. v. Jackson*, No. 02 C 0256, 2003 WL 21947112 at *2 (N.D. Ill. Aug. 11, 2003) (Leinenweber, J.) (citing Court Reporters' Manual at Ch. 20, Pt. 20.9.4) (not allowing transcript delivery costs because "[u]nder the Judicial Conference guidelines, costs associated with the delivery of transcripts are ordinary business expenses and are not taxable"). *See also Haywood v. Evergreen Motor Cars, Inc.*, No. 02 C 6408, 2003 WL 22220121 at *1 (N.D. Ill. September 25, 2003) (Conlon, J.). The Seventh Circuit has held that the taxation of delivery charges is within the court's discretion to tax costs "incidental" to the taking of a deposition. *Finchum*, 57 F.3d at 534. WaterSaver has not explained why the delivery charge was incurred nor has WaterSaver provided any argument to persuade the court to exercise its discretion to tax the delivery charges in this case.

### e.    Administrative Fee

Likewise, WaterSaver has provided no explanation for the "administrative fee" charged for the transcript of Angevine's deposition. That fee also constitutes a non-recoverable ordinary business expense. *See Menasha Corp. v. News American Marketing Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989 at *3 (N.D. Ill. July 31, 2003) (Leinenweber, J.) (declining to award "administrative fees" as such costs represented ordinary business expenses).

Accordingly, WaterSaver's claim of $647.50 for fees for the transcript of Angevine's deposition should be reduced by $60.00 ($5.00 for diskettes + $5.00 for word index pages + $10.00 for shipping charges + $40.00 for unexplained administrative costs).

3.     *Costs Relating to Other Deposition Transcripts*

With respect to the five remaining deposition transcripts, Angevine objects only to the shipping charges, ranging from $6.00 to $8.00, that were associated with each transcript. For the reasons discussed above, Angevine's objection to the shipping charges associated with the five remaining transcripts is sustained, and WaterSaver's claimed costs for deposition transcripts are further reduced by $32.00 (four shipping fees x $6.00 + one shipping fee x $8.00).

4.     *WaterSaver's Recoverable Costs for Deposition Transcripts*

Thus, Angevine's objections to WaterSaver's claim for $1,511.10 in deposition transcript fees are granted in part and denied in part, and WaterSaver's claim for such amount is reduced by $92.00 ($60.00 for charges associated with Angevine's deposition transcript + $32.00 for shipping charges associated with the remaining five deposition transcripts). WaterSaver is therefore allowed to recover $1,419.10 in deposition transcript fees.

**B. Photocopying Fees, Facsimile and Binding**

WaterSaver next seeks to recover $297.90 in photocopying, facsimile, and binding expenses. (Def.'s Pet., Ex. B.) In its petition, WaterSaver lumped the fees for those three items together and did not provide any explanation or documentation to support its claim. In response to Angevine's objections, WaterSaver submitted an affidavit of a paralegal (from the firm of one of its attorneys) and a billing system document (from the firm of its other attorney) that lists various expenses that had been charged to WaterSaver by its counsel. (Def.'s Reply, Exs. 7, 10.) Notably, there appears to be a discrepancy between the $297.90 sought in the petition and the combined amounts reflected

in the affidavit and the billing system document.[6]  Each item will be addressed in turn, beginning with the photocopying costs.

## 1.   *Photocopying Costs*

The billing system document indicates that $195.90 in photocopying expenses had been charged, coded as "DCP." (Def.'s Reply, Ex. 10.)  While the document reflects the dates on which those charges were incurred, it does not indicate what documents were copied, the number of pages that were copied, or why the copies were necessary.  (*Id.*)  Nor does WaterSaver provide this information in its reply; it merely states that reimbursement for photocopies was "sought solely for those costs associated with preparing and filing [WaterSaver's] Motion For Summary Disposition" and not for those costs "incurred solely for the convenience of [WaterSaver's] attorneys." (Def.'s Reply at 3.)  Furthermore, the affidavit of the paralegal states that the cost of copying the motion for summary judgment and the attachments to the motion for both the court and the parties amounted to $29.40. (Def.'s Reply, Ex. 7.)  The paralegal's computation was based on a calculation of $.10 per page x 294 pages. (*Id.*)  In her sur-reply, Angevine argues that WaterSaver did not provide enough information to justify the $195.90 in copying expenses shown in the billing system document or the $29.40 copying expenses shown in the affidavit. (Pl.'s Sur-Reply ¶¶ 10-11.)  Specifically, Angevine argues that WaterSaver is required  to provide the number of copies made, the copy rates applied, and an explanation of what documents were copied before reimbursement should be

---

[6]      By the court's calculation, $29.40 (in copying costs as set forth in the affidavit ) + $195.90 (in copying costs as set forth in the billing system document) + $39.45(in facsimile expenses) + $24.00 (in binding expenses) amounts to $288.75, not $297.90.  WaterSaver did not explain this discrepancy.

allowed. (*Id.*) Angevine further argues that the charges in the billing system document appear to cover the period from December 2002 through September 2003,[7] even though WaterSaver claims that all of the photocopies were made in connection with its motion for summary judgment. (*Id.* at ¶ 11.)

28 U.S.C. § 1920 expressly authorizes "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir.1998). The language "for use in the case" refers to materials actually prepared for use in presenting evidence to the court. *Shah v. Village of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362 at *2 (N.D. Ill. Aug. 14, 2003) (Leinenweber, J.) (citing *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003)). "[P]hotocopying charges for discovery and the court's copies of documents can be awarded, but charges for copies made solely for attorney convenience cannot." *Id.* (quoting *Riley*, 258 F. Supp. 2d at 843). In proving that copies were necessary to the litigation and not made solely for attorney convenience, a party need not submit a "description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991). Nor does a party need to submit a bill of costs itemizing each document copied. *Glenayre Electronics, Inc.*, 2003 WL 21947112 at *3. However, a party is required to provide "the best breakdown obtainable from retained records in order to make the required showing of necessity." *Id. See also In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1999 WL 759472 at *6 (N.D. Ill. Sept. 1, 1999) (Kocoras, J.) (chart identifying, for each pleading, the nature of the

---

[7] The billing system document states that the document reflects "total costs through September 30, 2003." (Def.'s Reply, Ex. 10.)

document copied, the number of service copies prepared, the number of pages, the copying cost per page, and the total copying cost held sufficient to satisfy Seventh Circuit's requirements for reimbursement of photocopying costs). Specifically, the party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *Glenayre Electronics*, 2003 WL 21947112 at *3 (citation omitted).

Here, there is no question that the summary judgment motion and supporting materials were necessary for use in this case. Moreover, the rate of $.10 per page is reasonable (*see Riley*, 258 F. Supp. 2d at 843; *Antonson v. United Armored Servs., Inc.*, No. 00 C 4095, 2002 WL 908424 at *2 (N.D. Ill. May 6, 2002) (Leinenweber, J.)), as was the decision to make several copies because two were required by the court and one was required to be served on Angevine. *See* Fed. R. Civ. P. 5. Thus, WaterSaver is entitled to $29.40 for photocopying costs attributed to WaterSaver's copying its motion for summary judgment and attachments to the motion. However, WaterSaver is not entitled to any additional amounts reflected in the billing system document. As Angevine points out, no information was provided as to what documents were copied, the number of pages copied, the number of copies made, or the rate applied to the copies. Thus, it cannot be determined whether the copies were "necessary to the litigation and not made solely for attorney convenience." *Shah*, 2003 WL 21961362 at *2; *see also Glenayre Electronics*, 2003 WL 21947112 at *3 (denying claim for photocopying fees where party presented "bare-bones" internal billing statements which provided none of the detail or explanation required). Angevine's objections to WaterSaver's claim for photocopying expenses are thus sustained in part. WaterSaver may recover only $29.40 in photocopying expenses.

*2.    Facsimile Fees*

WaterSaver also seeks to recover facsimile costs as part of the lump sum amount claimed for photocopying, facsimile, and binding expenses. (Def.'s Pet., Ex. B.) In her objections, Angevine observes that WaterSaver "failed to provide supporting documentation to allow [the court] to determine what documents were faxed and to whom." (Pl.'s Objs. ¶ 4.) She also argues that facsimile transmission expenses fall into the category of non-recoverable, ordinary business expenses. (Pl.'s Objs. ¶ 4; Pl.'s Sur-Reply ¶¶ 8, 11.) In response to Angevine's objections, WaterSaver relies on the billing system document attached to its reply, which indicates that $39.45 in facsimile expenses had been charged. (Def.'s Reply, Ex. 10.) Other than the dates on which those expenses were charged, the document does not provide any details regarding those expenses. (*Id.*) Notably, WaterSaver did not address Angevine's argument that those costs were non-recoverable as ordinary business expenses.

Although costs such as facsimile transmission expenses have been found to be recoverable as attorneys' fees, they are not recoverable as taxable costs. *See NLFC, Inc.*, 916 F. Supp. at 765; *Somat Corp. v. Somat Corp.*, No. 90 C 4943, 1993 WL 75155 at *4 (N.D. Ill. Mar. 15, 1993) (Plunkett, J.); *Tuf Racing Prods., Inc. v. American Suzuki Motor Corp.*, No. 94 C 50392, 1999 WL 669226 at *4 (N.D. Ill. Aug. 27, 1999) (Reinhard, J.). WaterSaver has not provided any reason why that principle should not apply here. Accordingly, Angevine's objection to WaterSaver's claim for facsimile costs is sustained, and WaterSaver's claim for facsimile costs is denied.

*3.    Binding Fees*

WaterSaver also seeks to recover binding fees as part of the $297.90 claimed for photocopying,

facsimile, and binding expenses. (Def.'s Pet., Ex. B.) In her objections, Angevine argues that WaterSaver failed to provide documentation to allow the court to determine what documents were bound. (Pl.'s Objs. ¶ 4.) She also argues that binding expenses fall into the category of non-recoverable, ordinary business expenses. (Pl.'s Objs. ¶ 4; Pl's Sur-Reply ¶¶ 8, 11.) In response, WaterSaver explains that the binding costs were incurred "so that the court could more easily review its submission." (Def.'s Reply at 3.) WaterSaver also relies on the billing system document submitted with its response, which indicates that $24.00 in binding expenses had been charged on June 13, 2003, but does not provide any other details. (Def.'s Reply, Ex. 10.) WaterSaver filed its motion for summary judgment, appendix in support thereof, and statement of material facts on June 13, 2003. [Dkt 18-20.]

Binding costs may be recoverable. *Harkins v. Riverboat Servs., Inc.*, No. 99 C 123, 2003 WL 22317776 at *3 (N.D. Ill. Oct. 9, 2003) (Denlow, M.J.) (citing *First City Securities, Inc. v. Shaltiel*, No. 92 C 2620, 1993 WL 408370 at *2 (N.D. Ill. Oct. 8, 1993) (Conlon, J.)); *see also Vogl v. Arrow Pattern & Foundry Co.*, No. 93 C 3846, 1994 WL 380598 at *1 n. 2 (N.D. Ill. July 18, 1994) (Conlon, J.) (allowing the cost of binding the appendix to party's local rule statement because "[t]he binding of the exhibits was helpful to the court and thus was clearly 'for use in the case'"); *Place v. Abbott Labs.*, No. 94 C 5491, 2000 WL 294060 at *4 (N.D. Ill. Mar. 17, 2000) (Coar, J.) (allowing plaintiff to recover four binding charges attributed to copies of a motion filed with the court). *But see Pilsen Neighbors Comm. Council v. Netsch*, No. 80 C 5501, 1991 WL 49607 at *1 (N.D. Ill. April 3, 1991) (Leinenweber, J.), *vacated on other grounds*, 135 F.3d 445 (7th Cir. 1998) (denying reimbursement for binding costs because "plaintiffs should not be expected to bear the cost of defendant's decision to voluntarily bind her exhibits and motions").

In the present case, although more detail by WaterSaver would have been desirable, the $24.00 binding charge appears to be attributable to the binding of documents filed by WaterSaver in support of its motion for summary judgment. Local Rule 5.2(a) requires that documents submitted to the court be "bound or secured on the top edge of the document." WaterSaver's appendix of materials in support of its motion for summary judgment was too bulky to be "bound or secured" with a staple. Thus, the charge of $24.00 in binding costs was necessarily incurred, and Angevine's objection is overruled.

### C. Westlaw Research Expenses

WaterSaver also seeks $92.56 for the cost of Westlaw research. (Def.'s Pet., Ex. B.) WaterSaver attaches an invoice to its reply indicating that Westlaw charges had been assessed, and asserts that those charges were reasonable and necessary to the litigation because it "was essential that [it] adequately research its Motion." (Def.'s Reply at 4; Ex. 9.) Angevine argues that WaterSaver did not provide sufficient information regarding the Westlaw charges (*i.e.* what kind of research was conducted) to assist the court in determining whether the expenses were reasonably incurred. (Pl.'s Sur-Reply ¶ 9.)

"It is well established that costs associated with computerized legal research are not considered 'costs' but rather part of the attorney's fees award." *Stark v. PPM America, Inc.*, No. 01 C 1494, 2003 WL 21223268 at *8 (N.D. Ill. May 23, 2003) (Hibbler, J.) (citing *Haroco, Inc. v. American Natl. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir.1994)). *See also Somat Corp.*, 1993 WL 75155 at *5; *Harkins*, 2003 WL 22317776 at *5. As such, WaterSaver may not recover the $92.56 in Westlaw charges.

-16-

## D. Pacer Expenses

WaterSaver seeks $1.75 in Pacer charges. (Def.'s Pet., Ex. B.) In her objections, Angevine argues that WaterSaver failed to provide any receipts or invoices to assist the court in determining "what use was made of Pacer." (Pl.'s Objs. ¶ 5.) In response to Angevine's objection, WaterSaver asserts that "it was necessary, on occasion[,] to review the [c]ourt's docket to ensure that matters were entered and/or remained scheduled as planned," and relies again on the billing system document attached to its reply, which indicates that $1.75 in Pacer expenses were incurred. (Def.'s Reply at 4; Ex. 10.) Angevine, in her sur-reply, argues that WaterSaver still has not provided sufficient information to enable the court to determine the reasonableness of WaterSaver's Pacer charges. (Pl.'s Sur-Reply ¶ 11.)

Charges for Pacer research fall into the same category as Westlaw and Lexis computerized research charges, *i.e.*, they are not recoverable as costs under § 1920. *See Commodity Futures Trading Comm. v. Richards,* No. 96 C 0334, 1996 WL 515160 at *2 (N.D. Ill. Sept. 6, 1996) (Conlon, J.). Angevine's objection to WaterSaver's claim for $1.75 in Pacer charges is sustained.


## E. Express Mail Expenses

WaterSaver also requests $124.31 in express mail expenses. (Def.'s Pet., Ex. B.) In her objections, Angevine argues that such a cost is an ordinary business expense and therefore non-recoverable. (Pl.'s Objs. ¶ 4.) She further asserts that it is impossible for the court to determine whether the expenses were reasonably necessary to the litigation because WaterSaver failed to provide any documentation showing what documents were sent via Express Mail and to whom they were sent. (*Id.*) WaterSaver responds that it "used Express mail only when it was needed [] to verify

that the documents were actually received," and that those expenses were "reasonably necessary to the litigation." (Def.'s Reply at 3-4.) In support of its claim, WaterSaver attaches a document entitled "Transactions Listing," which indicates that express mail fees were charged to WaterSaver in the amount of $112.51.[8] (Def.'s Reply at 4; Ex. 8.)

Although not explicitly mentioned in 28 U.S.C. § 1920, "the court may, in its discretion, award incidental costs, including delivery charges." *Hall*, 2003 WL 21518536 at *2 (citing *Finchum*, 57 F.3d at 534). However, delivery or shipping costs "have generally been deemed ordinary business expenses that may not be recovered by the prevailing party." *Menasha Corp.*, 2003 WL 21788989 at *3 (citing *Rodgers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723 at *2 (N.D. Ill. Mar. 15, 2002) (Leinenweber, J.)); *see also Stark*, 2003 WL 21223268 at *8 (citing *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d. 209, 217 (7th Cir.1975)) (denying request for delivery services and postage because those expenditures were not expressly provided for in § 1920); *Mihailovich v. Laatsch*, No. 99 C 4780, 2002 WL 91897 at *4 (N.D. Ill. Jan. 24, 2002) (Darrah, J.) (disallowing costs for federal express charges because § 1920 does not list such cost as recoverable); *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 779 (S.D. Ind. 2003) (reducing party's claim for overnight mail costs and stating "[t]he use of the express courier services might have been a convenience to lawyers who were cutting their deadlines closely, but there is no reason to justify shifting that cost to the opposing party beyond what was reasonably necessary for the case.").

In the present case, WaterSaver has not explained what documents were sent to whom and

---

[8]     WaterSaver does not explain the discrepancy between the $112.51 reflected as costs incurred in the "Transactions Listing" and the $124.31 claimed in its petition.

why express mail was necessary as opposed to ordinary postage. For that reason, and because shipping costs are generally deemed non-recoverable ordinary business expenses, Angevine's objection to WaterSaver's claim for $124.31 in express mail expenses is sustained.

## F. Local Travel Expenses

In addition, WaterSaver requests $59.57 in local travel expenses. (Def.'s Pet., Ex. B.) In her objections, Angevine asserts that WaterSaver failed to provide any documentation to assist the court in determining what the local travel expenses were, and argues that, in any event, those items constitute non-recoverable ordinary business expenses. (Pl.'s Objs. ¶ 4; Pl.'s Sur-Reply ¶¶ 8, 11.) WaterSaver responds that the local travel costs were incurred because WaterSaver "had to be present at a number of scheduling and status conferences" and that such costs were reasonably necessary to the litigation. (Def.'s Reply at 3.) WaterSaver also relies on the billing system document attached to its reply, which indicates that $29.00 in local travel expenses had been charged. (Def.'s Reply, Ex. 10.)[9]

Travel expenses are not recoverable as costs under § 1920. *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975) (citations omitted); *see also Amerisure Ins. Co. v. Roll Service, Inc.*, No. 01 C 5292, 2003 WL 21518549 at *2 (N.D. Ill. July 2, 2003) (Darrah, J.); *Somat Corp.*, 1993 WL 75155 at *6; *Mihailovich*, 2002 WL 91897 at *4; *Tuf Racing*, 1999 WL 669226 at *4 (stating that travel expenses are "the sort of thing[] a lawyer includes on a bill for professional services and are recoverable as attorney's fees"). As such, WaterSaver's claim for $59.57 in travel

---

[9]Again, WaterSaver does not explain the discrepancy between the $59.57 in travel costs claimed and the $29.00 in travel costs reflected on the billing system document. (Def.'s Reply, Ex. 10.)

expenses is denied.

## G. Long Distance Telephone Expenses

Finally, WaterSaver requests $58.37 in long distance telephone expenses. (Def.'s Pet., Ex. B.) In her objections, Angevine argues that long distance telephone expenses fall within the category of ordinary business expenses which are not recoverable. (Pl.'s Objs. ¶ 4; Pl.'s Sur-Reply ¶¶ 8, 11.) She further notes that WaterSaver failed to provide any documentation to show who placed or received the long distance telephone calls, or how those calls were reasonably necessary to the litigation. (Pl.'s Objs. ¶ 4.) WaterSaver responds that those costs were reasonably necessary to the litigation because WaterSaver was "certainly entitled to speak with its attorney." (Def.'s Reply at 3.) WaterSaver further relies on the billing system document attached to its reply, which shows $58.37 in long-distance telephone charges. (Def.'s Reply, Ex. 10.)

Telephone expenses generally represent ordinary business expenses which are not recoverable as taxable costs. *Menasha*, 2003 WL 21788989 at *3; *see also Movitz*, 982 F. Supp. at 578 (denying request for long-distance telephone call fees because such expenditures are not authorized by § 1920); *Stark*, 2003 WL 21223268 at *8 (citing *Wahl*, 511 F.2d. at 217); *Wolf v. Planned Prop. Mgmt.*, 735 F. Supp. 882, 883 (N.D. Ill. 1990); *Watson v. Ferguson*, No. 82 C 5810, 1986 WL 5202 at *2 (N.D. Ill. Apr. 29, 1986) (Getzendanner, J.); *Mihailovich*, 2002 WL 91897 at *4; *Somat Corp.*, 1993 WL 75155 at *4. Thus, Angevine's objection to the claim for $58.37 in long distance telephone expenses is sustained.

## CONCLUSION

For the foregoing reasons, Angevine's objections to WaterSaver's Petition for Costs are sustained in part and denied in part. WaterSaver's Petition for Costs is allowed in the following amounts:

| | |
|---|---|
| Deposition transcripts: | $1,419.10 |
| Photocopying costs: | $   29.40 |
| Binding charges: | $  .24.00 |

resulting in a total award of costs to WaterSaver in the amount of $1,472.50 to be taxed by the Clerk of Court against Angevine.

IT IS SO ORDERED.

Geraldine Soat Brown
United States Magistrate Judge

December 22, 2003